**IN THE COURT OF APPEALS OF IOWA**

No. 13-1873
Filed October 1, 2014

**Upon the Petition of**

**AARON CARSTENS,**
        Petitioner-Appellant,

**And Concerning**

**KELSEY SCHONECK,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Duane Hoffmeyer, Judge.

A father appeals the calculation of his child support obligation claiming the district court used the wrong guideline to calculate his obligation. **REVERSED AND REMANDED.**

Patrick H. Tott, Sioux City, for appellant.

Tara S. Vonnahme of Vonnahme Law, P.C., Sioux City, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Aaron Carstens appeals the district court's calculation of his child support obligation. Aaron claims the district court erred when it computed the child support pursuant to the split or divided custody guideline, rather than the joint physical care guideline. He contends the court ignored the rebuttable presumption the guidelines would result in the correct amount of child support, and the court did not state sufficient reasons for the variance from the guidelines. We find the court erred in parting from the established support guidelines without specific findings. We remand with instructions to apply Iowa Court Rule 9.14(3) guidelines for joint physical care.

## I.    BACKGROUND FACTS AND PROCEEDINGS

Aaron and Kelsey Schoneck are the unmarried parents of K.S. born in 2012. The parents do not live together or co-parent their child. Before a temporary order was entered, the parents alternated physical care on a nearly equal basis. A temporary order was entered in May 2013 granting the parents shared physical care.[1] The court entered a permanent order on October 8, 2013, outlining the parents' obligations and care for K.S. The court ordered a joint custody and shared physical care arrangement. In calculating the child support obligations, the court found Aaron's annual earnings to be $43,534.40, and Kelsey's imputed income to be $15,080. The court then used an offset method where it first calculated the amount of child support Aaron would owe Kelsey if

---

[1] "Shared physical care" is not defined in Iowa Court Rules chapter 9 or Iowa Code chapter 598 (2013); nevertheless, we recognize the term is commonly used by parties, their counsel, and the courts.

she had physical care of K.S. The court then calculated Kelsey's child support obligation if Aaron had physical care. The court offset the two amounts and ordered Aaron to pay child support in the amount of $608 per month.[2]

Aaron filed a motion to reconsider and amend/enlarge findings on October 18, 2013. He claimed the court did not use the proper child support guidelines for joint physical care, pursuant to rule 9.14(3), to calculate his support obligation. He also noted the court did not take into account his mandatory monthly forty dollars in union dues.

The court entered an order on Aaron's motion on October 29, 2013. The court determined Aaron was entitled to the forty dollar per month deduction for union dues. However, the court refused to change its previous ruling on child support and reasoned:

> The court finds the joint physical care calculations of Rule 9.14(3) do not have an offset in the calculations and does not have a low income adjustment. The split or divided physical care calculation of Rule 9.14(4) does contain an offset method as was utilized by the court in this case. The court finds using the "analysis" option of Iowa Support Master the child support obligation would change plaintiff's child support obligation to $616.05 and when "reversed" a $30 child support obligation for the defendant.
> The court finds when one parent qualifies for a low income adjustment in the child support calculations that the joint physical care methodology of Rule 9.14(3) results in an inequitable result. The court finds the better result is using the offset method of Rule 9.14(4) as was utilized by the court in its original child support calculations. To the extent this is a variance the court finds it is warranted under Rule 9.11 and is necessary to do justice between the parties.

---

[2] If Kelsey had physical care, Aaron's support obligation would be $637.55 per month. If Aaron had physical care, Kelsey's obligation would be $30 per month. The court subtracted $30 from $637.55 and found a $608 obligation for Aaron.

Aaron now appeals. Aaron asserts four arguments on appeal, all of which can be distilled into one argument: The district court did not give a sufficient written justification to deviate from the established child support guidelines.

## II. STANDARD OF REVIEW

This case involves the application of our court rules concerning child support where joint physical care is awarded. Since interpretation of child support guidelines is a legal question, our review of such interpretation is for errors at law. *In re Marriage of McCurnin*, 681 N.W.2d 322, 327 (Iowa 2004).

## III. ANALYSIS

The purpose of the Iowa child support guidelines is to provide for the best interests of the child, while also taking into account the "duty of both parents to provide adequate support for their children in proportion to their respective incomes." Iowa Ct. R. 9.3(1). "The court should determine the amount of support specified by the guidelines." Iowa Ct. R. 9.3(1). There is a "rebuttable presumption" the guidelines created by our supreme court are correct. *Id.* A court may adjust the guidelines if an adjustment is "necessary to provide for the needs of the children or do justice between the parties under the special circumstances of the case." *Id.* If the court decides to vary from the guidelines, the court must make a written finding the guidelines are "unjust or inappropriate as determined under the following criteria:" substantial injustice would result, adjustments are necessary to provide for the children, or a parent is voluntarily unemployed or underemployed without just cause. Iowa Ct. R. 9.11(1)–(4).

Our supreme court, in *State ex rel. Reaves by Reaves v. Kappmeyer*, 514 N.W.2d 101, 104 (Iowa 1994), outlined the proper procedure for departing from the established guidelines. In *Reaves*, the district court deviated from the guidelines in calculating the father's child support obligation. *Reaves*, 514 N.W.2d at 103. The district court believed substantial injustice would occur under the normal application of the guidelines, since it took many years for the mother to file a paternity claim. *Id.* at 104. "The district court did not calculate the amount of support that should be awarded under our guidelines and then adjust that amount. Instead, the court set an amount of support that it believed would be fair without any reference to the guidelines." *Id.* Our supreme court then outlined the proper procedure: "We believe that the preferable procedure is to determine the guideline support amount first. Only when that figure is known can the court decide whether an adjustment of that amount is warranted under the special circumstances of the case."

We find the district court applied the incorrect guideline in determining the child support obligations: The court used rule 9.14(4) for split or divided care, instead of rule 9.14(3) for joint physical care. The court then reasoned "when one parent qualifies for a low income adjustment in the child support calculations" use of 9.14(3) would "result in an inequitable result" and was "necessary to do justice between the parties." The court declined to further elaborate on its deviation from the guidelines. Accordingly, we remand with instructions to the district court to use rule 9.14(3) in calculating the support obligations of both parents. Once it has applied rule 9.14(3), and if the court then determines any of

the criterion under rule 9.11 are applicable, it may deviate—in writing and with adequate explanation—from the established guidelines.

**REVERSED AND REMANDED.**